Terry Lynn KING, Petitioner–Appellant,

v.

Michael DUTTON, Warden, Respondent–Appellee.

No. 93–5390.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 21, 1994.

Decided Feb. 22, 1994.

W. Thomas Dillard (briefed), Wade Davies (argued), Ritchie, Fels & Dillard, Knoxville, TN, for petitioner-appellant.

Charles W. Burson, Atty. Gen., Debra K. Inglis, Asst. Atty. Gen. (argued & briefed), Merrilyn Feirman, Asst. Atty. Gen., Nashville, TN, for respondent-appellee.

Before: BOGGS, SUHRHEINRICH, and SILER, Circuit Judges.

BOGGS, Circuit Judge.

Petitioner Terry Lynn King appeals the district court's denial of his petition for a writ of habeas corpus. He claims that his guilty plea was involuntary because he was not informed that the state could use the resulting conviction as an aggravating circumstance in the sentencing for an unrelated but pending murder charge. We hold that such use is a collateral consequence of the plea, about which King need not be advised in order for his plea to be found voluntary.

## I

King and Randall Sexton were arrested in Knox County, Tennessee, in August 1983 for the murder of Diana Kay Smith. On August 8, both men made statements admitting to kidnapping and murdering Todd Lee Millard in Grainger County, Tennessee. On November 2, the Knox County court, after a preliminary hearing, bound King over to the grand jury for the first degree murder of Smith.

On November 15, 1983, the Grainger County grand jury indicted King and Sexton for the first degree murder, aggravated kidnapping, and armed robbery of Millard. Pursuant to an agreement negotiated by his court-appointed lawyer, and in order to avoid a possible death penalty, King pleaded guilty to the first degree murder and aggravated kidnapping of Millard. The State dismissed the armed robbery charge and recommended two concurrent sentences of life imprisonment for the murder and kidnapping, plus a five-year sentence enhancement for the use of a firearm during the commission of a felony. The trial judge accepted King's plea and sentenced him according to the plea agreement.

Before accepting King's plea of guilty, the trial judge advised King of his rights, but did not tell him of the impact his resulting conviction might have on his Knox County case. According to King, his lawyer, too, never advised him what impact his guilty plea would have in the Knox County case. Both the trial judge and King's lawyer knew that King had been bound over to the Knox Coun-

ty grand jury for the Smith murder. At the time of the plea, King was not represented by counsel in Knox County. King says he would not have pleaded guilty and waived his right to a trial by jury if he had known that the conviction resulting from the guilty plea could be used as an aggravating circumstance that might justify imposition of the death penalty in his trial in Knox County.

King was then indicted, tried, and sentenced to death in Knox County for the Smith murder. At the sentencing hearing for the conviction for the Smith murder, King's Grainger County murder conviction was introduced as evidence in support of one aggravating circumstance in support of the death sentence. The jury found four aggravating circumstances, including that King was a violent felon, any one of which would have supported the imposition of the death penalty. *See* Tenn.Code Ann. § 39–13–204(i);[1] *State v. King,* 718 S.W.2d 241 (Tenn. 1986).[2]

After unsuccessfully pursuing state post-conviction relief, King filed his petition for a writ of habeas corpus on January 7, 1992, alleging that his guilty plea was involuntary, in violation of the Fifth and Fourteenth Amendments, because it was entered without the required understanding of the consequences of the plea. An evidentiary hearing, at which King and his Grainger County court-appointed lawyer testified, was held on February 10, 1993. On February 23, the district court denied King's petition, finding that the impact of the Grainger County guilty plea was not direct, immediate, or automatic and thus was a collateral consequence not requiring a warning from the Grainger County trial court or constitutionally entitling King to advice regarding the consequences. Because there was no evidence that King had relied upon a factual

misrepresentation about the potential impact of his plea on the Knox County charge, the district court found that his plea was voluntary, intelligent, and knowing. Following King's notice of appeal, the district court issued a certificate of probable cause to appeal.

## II

■ To be valid, a guilty plea must be made voluntarily and intelligently. *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). The plea must be made with knowledge of the "relevant circumstances and likely consequences." *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). The defendant need only be aware of the direct consequences of the plea, however; the trial court is under no constitutional obligation to inform the defendant of all the possible collateral consequences of the plea. *Brown v. Perini,* 718 F.2d 784, 788–89 (6th Cir.1983). Determining whether a plea was made voluntarily requires an evaluation of all the relevant circumstances surrounding the plea. *Caudill v. Jago,* 747 F.2d 1046, 1050 (6th Cir.1984); *Brown,* 718 F.2d at 786. The "ultimate question" is if the plea was in fact voluntary and intelligent. *Pitts v. United States,* 763 F.2d 197, 200 (6th Cir.1985).

■ A conviction's possible enhancing effect on subsequent sentences has been held to be merely a collateral consequence of a guilty plea, about which a defendant need not be advised, even when there was a pending investigation into the charge upon which the subsequent sentence was based. *See United States v. Brownlie,* 915 F.2d 527, 528 (9th Cir.1990); *United States v. Edwards,* 911 F.2d 1031, 1035 (5th Cir.1990). Courts also have held that a defendant need not be ad-

1. The provision in effect at the time of King's conviction and sentencing was Tenn.Code Ann. § 39–2–203(i) (1982), which does not differ materially from the current death penalty provision.

2. The other aggravating circumstances found by the jury were: (1) that the murder was especially heinous, atrocious, or cruel because it involved torture or depravity of the mind; (2) that the murder was committed for the purpose of avoiding, interfering with, or preventing King's lawful

arrest; and (3) that the murder was committed while committing or fleeing after committing rape, robbery, larceny, or kidnapping. In support of the "violent felon" aggravating circumstance, in addition to the Grainger County felony convictions, the jury found that King had been convicted of an assault with intent to commit aggravated kidnapping, which had been committed only three days after the killing of Smith. *King,* 718 S.W.2d at 247–49.

vised that a conviction based on a guilty plea can be used in a subsequent prosecution resulting from a pending investigation. *See United States v. Campusano,* 947 F.2d 1, 5 (1st Cir.1991); *United States v. Jordan,* 870 F.2d 1310, 1317–18 (7th Cir.), *cert. denied,* 493 U.S. 831, 110 S.Ct. 101, 107 L.Ed.2d 65 (1989). Further, a defendant need not be informed of the details of his parole eligibility, including the possibility of being ineligible for parole. *See Brown,* 718 F.2d at 788; *Armstrong v. Egeler,* 563 F.2d 796, 800 (6th Cir.1977). *Contrast Sparks v. Sowders,* 852 F.2d 882, 885–86 (6th Cir.1988) (gross misadvice from counsel regarding parole eligibility may render plea involuntary). However, for a defendant's plea of guilty to be voluntary, the defendant must be aware of the maximum sentence that could be imposed. *See Hart v. Marion Correctional Institution,* 927 F.2d 256, 259 (6th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 70, 116 L.Ed.2d 44 (1991).

▮ The cases thus indicate that the impact of King's Grainger County conviction on the Knox County case is only a collateral consequence of his guilty plea, and King's ignorance of the possible consequence does not render his plea involuntary. As in *Brownlie* and *Edwards,* the fact that the Grainger County conviction could result in enhanced punishment in the pending Knox County case—as it apparently did—does not render the plea involuntary.[3] Nor does the record indicate that King was grossly misadvised as to the consequences of his guilty plea. Also, King was aware of the maximum sentence that could be imposed in the Grainger County case—he pleaded guilty in order to avoid the death penalty. Because only the Grainger County conviction is under review here, any lack of knowledge of the maximum penalty on the Knox County charge in the Knox County proceedings (if such there was) is irrelevant to the case at hand.

King's arguments that a narrow exception should be made for his case are unpersuasive. King argues that the use of the Grainger County conviction as an aggravating circumstance in his Knox County case is a direct result of the plea, requiring that he be informed of such use, because (1) the capital case that the plea affected was already pending and the Grainger County trial judge knew that the state intended to use King's plea as an aggravating circumstance; and (2) "the qualitative difference of death," for which the plea made him eligible, "requires correspondingly greater safeguards to insure the voluntariness" of his plea. King relies on, and the district court and the State agree on the applicability of, *Campusano,* 947 F.2d at 5, which stated that the distinction between a direct and collateral consequence turns on whether the result flowing from the plea is definite, immediate, and automatic. *See also Brownlie,* 915 F.2d at 528 (definite, immediate, and automatic result is direct consequence); *Jordan,* 870 F.2d at 1317 (same); *George v. Black,* 732 F.2d 108, 110 (8th Cir.1984) (same); *Cuthrell v. Director, Patuxent Institution,* 475 F.2d 1364, 1366 (4th Cir.) (same), *cert. denied,* 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241 (1973).

As the State noted, and the district court agreed, the notice to seek the death penalty in the Knox County case was not filed until after the Grainger County plea, the Knox County prosecutor had discretion to decide whether to make a plea offer, King had discretion to decide whether to make a plea, King could have been acquitted or convicted of a lesser offense in the Knox County trial (thereby precluding the possibility of the death penalty), the jury could have declined to find an aggravating circumstance based upon the Grainger County conviction, and the jury could have declined to return a verdict of death. Further, the jury could have found (as it did) other aggravating cir-

---

**3.** King relies on *United States v. Williams,* 899 F.2d 1526 (6th Cir.1990), arguing that its requirement that notice be given to a defendant before acceptance of his guilty plea if his punishment may be enhanced *in that case* for prior felony convictions demonstrates that sentence enhancement is a direct result of a plea. Howev-

er, the result in *Williams* turned on the explicit language of 21 U.S.C. § 851, which by its terms requires that such notice be given in federal narcotics convictions. No such provision applies to King's case, nor is one constitutionally mandated.

cumstances, so that any effect of the Grainger County conviction is quite speculative. We agree that the use of the Grainger County conviction as an aggravating circumstance in the Knox County case was thus not a direct, immediate, or automatic result of the guilty plea. The state trial court was under no constitutional obligation to inform King of the possible impact in the Knox County murder case of his conviction based on his guilty plea.

We are not persuaded that the Grainger County trial judge knew of the intended use of the Grainger County conviction in the Knox County case. While the record indicates that the trial judge and counsel discussed the effect of the conviction on King's offender classification, the subject of the death penalty never arose. *J.A.* at 93–97. Even if the trial judge knew, however, precedent does not warrant this court imposing an affirmative duty on state sentencing judges to inform criminal defendants of the possible use of their convictions in pending cases. King stresses the unique factual circumstances of his case, but we are unable to discern, even with the assistance of King's counsel at oral argument, the limits of a rule requiring a sentencing judge to inform a defendant of the collateral effects of a conviction based on a guilty plea, even if limited to cases where the judge knows of other pending cases and the possible use of the conviction in them.

Finally, we recognize the "qualitative difference of death," for which penalty the Grainger County conviction made King eligible. However, we are certain that existing procedural safeguards have adequately insured that King's plea was voluntary as required by the Fifth and Fourteenth Amendments.

### III

For the foregoing reasons, the district court's denial of King's petition is **AFFIRMED.**