47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ray Deshone RUCKER, Defendant-Appellant.
 No. 94-5074.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1995.
 
 1
 Before: NELSON and NORRIS, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Ray DeShone Rucker appeals his judgment of conviction and sentence following his guilty plea to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1). The district court sentenced Rucker to 120 months of imprisonment, four years of supervised release, and imposed a $50 special assessment. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In this timely appeal, Rucker argues that the district court improperly calculated his Criminal History Category under the Sentence Guidelines, because the court improperly included a state court conviction and sentence for sale of a controlled substance which occurred after the commission of Rucker's instant federal offense but prior to sentencing.
 
 
 4
 Upon review, we affirm Rucker's conviction and sentence. The chronology of sentencing, rather than the commission of the crimes, is controlling in determining a defendant's Criminal History Category. United States v. Beddow, 957 F.2d 1330, 1337 (6th Cir.1992). Consequently, the district court properly included the state court conviction for sale of a controlled substance in Rucker's Criminal History Category. Further, Rucker's argument that his state court guilty plea was not entered knowingly and intelligently is without merit. A conviction's possible enhancing effect on subsequent sentences is merely a collateral consequence of a guilty plea and the state court was not required to advise Rucker of this possible consequence prior to accepting his guilty plea. See King v. Dutton, 17 F.3d 151, 153 (6th Cir.), cert. denied, 114 S.Ct. 2712 (1994).
 
 
 5
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation