59 F.3d 171
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carl H. KINNEY, Defendant-Appellant.
 No. 94-3570.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1995.
 
 Before: WELLFORD, NELSON, and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 The defendant, Carl Kinney, appeals from the conviction and sentence entered after he pleaded guilty to one count of possession with the intent to distribute heroin, in violation of 21 U.S.C. Sec.841(a)(1), and one count of felon in possession of a firearm, in violation of 18 U.S.C. Sec.922(g)(1). For the firearm violation, Kinney was sentenced under the Armed Career Criminal Act, 18 U.S.C. Sec.924(e), and received the statute's mandatory minimum 15 year term of imprisonment. The district court also sentenced Kinney to a concurrent 10 year sentence on the heroin count. Kinney's current appeal raises only one issue:
 
 
 2
 Whether the district court erred when it accepted Kinney's plea because the plea was not knowingly and voluntarily made.
 
 
 3
 We conclude that Kinney's guilty plea was knowing and voluntary, so we affirm his conviction and sentence.
 
 I.
 
 4
 On February 16, 1991, Kinney sold heroin to a confidential informant employed by the Cleveland, Ohio Police Department. The police executed a search warrant on Kinney's apartment and found him in the process of "cutting" heroin. They found 2.96 grams of heroin, 1.4 grams of crack cocaine, $330 in cash, drug paraphernalia, and four firearms.
 
 
 5
 On May 15, 1991, a grand jury indicted Kinney under four counts: 1) possession with intent to distribute 2.96 grams of cocaine, in violation of 21 U.S.C. Sec. 841(a)(1); 2) possession with intent to distribute 1.4 grams of cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1); 3) felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1); and 4) use of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. Sec. 924(c)(1). An arrest warrant was issued pursuant to this indictment.
 
 
 6
 On June 6, 1991, agents arrested Kinney in his home under the federal warrant. Kinney consented to a search of his house, and the agents found 6.46 grams of heroin and 2.53 grams of cocaine.
 
 
 7
 On August 5, 1991, a grand jury indicted Kinney under two counts: 1) possession with the intent to distribute 6.46 grams of heroin, in violation of 21 U.S.C. Sec. 841(a)(1); and 2) possession of 2.53 grams of cocaine, in violation of 21 U.S.C. Sec. 844(a). The next day, the government provided the required notice that it would seek sentencing under 18 U.S.C. Sec. 924(e), the Armed Career Criminal Act.
 
 
 8
 On October 11, 1991, Kinney entered a plea agreement with the government. Kinney agreed to plead guilty to Count 3 of the May 15 indictment (felon in possession of a firearm) and Count 1 of the August 5 Indictment (possession with the intent to distribute 6.46 grams of heroin). In the plea agreement, Kinney expressly reserved the right to attack collaterally his several prior felony convictions, which would form the basis of the government's effort to have Kinney sentenced as an armed career criminal.
 
 
 9
 On March 19, 1992, the district court conducted a hearing reviewing the validity of all of Kinney's prior convictions. Finding all but two of Kinney's several convictions to be valid, the district court found Kinney to be an armed career criminal. Kinney was sentenced to 180 months on the felon in possession count and to a concurrent term of 120 months on the heroin count. Kinney filed a notice of appeal from this sentence, challenging the district court's findings that his prior convictions were valid. This appeal was assigned the number 92-3295. Oral argument was heard on January 22, 1993.
 
 
 10
 On September 17, 1993, this court, sitting en banc, decided United States v. McGlocklin, 8 F.3d 1037 (6th Cir. 1993) (en banc) (plurality), cert. denied, 114 S. Ct. 1614 (1994). In McGlocklin, the court held that a district court had at least a limited discretion to inquire into the validity of prior convictions that were being used to increase a defendant's sentence in a federal sentencing hearing. On February 3, 1994, a form order was entered for Kinney's appeal No. 92-3295, remanding the case to the district court for further consideration in light of McGlocklin. Interestingly, this order was not proper in this case because the district court had addressed the issue and given it a full and complete hearing.[1] Kinney was attacking the substantive result of the district court's hearing, not, as the order implies, that the district court refused to address the issue.
 
 
 11
 After the case was remanded, the district court conducted a second hearing and, on May 20, 1994, found that Kinney was an armed career criminal and again sentenced him to 180 months on the felon in possession count and 120 months concurrently on the heroin count. On May 24, 1994, Kinney filed a notice of appeal, which forms the basis of the present appeal.
 
 II.
 A.
 
 12
 On May 23, 1994, three days after the district court conducted the second hearing on the validity of Kinney's prior convictions and reinstated Kinney's sentence, but one day before Kinney filed his notice of appeal, the Supreme Court decided Custis v. United States, 114 S. Ct. 1732 (1994). In Custis, the Court held that a defendant could not collaterally challenge the validity of his prior convictions for purposes of sentencing except to challenge the conviction as having been in violation of his right to counsel. On appeal, Kinney concedes, as he must, that his numerous collateral attacks on his prior convictions are now foreclosed by Custis. Kinney now claims for the first time that his plea was not "knowing and voluntary." Kinney argues that had he known that he could not collaterally attack his prior convictions, he would not have pleaded guilty.
 
 B.
 
 13
 It is a long-standing general rule that this court will not address issues that were not raised in the district court. However, this rule is not absolute and is not jurisdictional. United States v. Pickett, 941 F.2d 411, 415 (6th Cir. 1991). This court has recognized certain narrow exceptions to the general rule, one of which is applicable here. In Pickett, the court recognized that "we willaddress issues not raised below 'to the extent the issue is presented with sufficient clarity and completeness."' Id. (quoting Pinney Dock & Transp. Co. v. Penn Central Corp., 838 F.2d 1445, 1461 (6th Cir.),cert. denied, 488 U.S. 880 (1988)). The court went on to say, "as the issues are wholly legal we see no advantage to remanding this case to the district court for further factfinding before passing judgment." Id.
 
 
 14
 Although the voluntariness of a guilty plea is usually a fact specific finding, the nature of Kinney's claim makes this one of the rare cases in which this court is in an equal position with the district court. Our resolution of the issue turns on a wholly legal finding.
 
 C.
 
 15
 The law governing the validity of guilty pleas is well-established. In Boykin v. Alabama, 395 U.S. 238, 242 (1969), the Court held that a guilty plea must be given knowingly and voluntarily. The next year the Court elaborated on the knowledge requirement. In Brady v. United States, 397 U.S. 742, 748 (1970), the court explained that the requisite knowledge encompassed the "relevant circumstances and likely consequences." This court has further elaborated on the knowledge requirement. In King v. Dutton, 17 F.3d 151, 153 (6th Cir.), cert. denied, 114 S. Ct. 2712 (1994), we stated that "[t]he defendant need only be aware of the direct consequences of the plea, however; the trial court is under no constitutional obligation to inform the defendant of all the possible collateral consequences of the plea."
 
 
 16
 Kinney does not claim that anyone misinformed him regarding the state of the law as it existed at the time of his plea. Kinney's complaint is that neither he nor the court was prescient. In essence, Kinney's claim is only that he did not know the ultimate result of his collateral attack and appeal from the district court's decision. Kinney's argument is that he could not have known that the Supreme Court's Custis decision would ultimately make his collateral attack futile. Accepting this as true, the lack of such knowledge cannot, as a matter of law, support a claim that the guilty plea was not made knowingly. Kinney's claim is no different than a defendant who makes a conditional plea preserving the right to attack on appeal a finding of the district court and who then, on appeal, loses on the merits. Such a defendant could not argue that his plea was not made "knowingly" because he did not foresee the Court of Appeals' ultimate conclusion. The bargain Kinney struck in his plea agreement was the chance to attack his prior convictions. He was afforded that chance and the district court found that enough of his prior convictions were valid that he was an armed career criminal. Kinney was afforded an appeal of the district court's finding. For reasons beyond his control, Kinney's appeal remained undecided for more than two-and-a-half years. During that time, the Supreme Court effectively decided the merits of his appeal when it decided Custis. Kinney argues that the Custis decision was unforeseeable at the time he made his plea. That may be true, but it is always foreseeable that a defendant, whose sole hope rests on one claim, could have his hope defeated by a change in the law or simply by an adverse appellate decision. In such a case, a failure to be prescient by either the district court or the defendant does not constitute the lack of "knowledge" that can invalidate a guilty plea.
 
 III.
 
 17
 For the reasons stated above, Kinney's conviction and sentence is AFFIRMED.
 
 
 
 [1]
 The order states:
 One of the issues raised in this appeal is the refusal of the District Court to consider whether certain of defendant's prior convictions are constitutionally valid. Our recent en banc decision in [McGlocklin] requires that issue be addressed. We vacate the judgment and remand that issue to the District Court for consideration in light of McGlocklin.
 February 3, 1994, Order.