82 F.3d 417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony ANDERSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3905.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1996.
 
 1
 Before: MERRITT, Chief Judge; MILBURN, Circuit Judge, and O'MALLEY, District Judge.*
 
 ORDER
 
 2
 Anthony Anderson, proceeding pro se, appeals a district court judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1992, Anderson pleaded guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841, and the district court sentenced him to 121 months of imprisonment. A panel of this court affirmed Anderson's conviction and sentence on appeal. United States v. Anderson, Case Nos. 92-4010/4052 (6th Cir. July 29, 1993) (per curiam).
 
 
 4
 In his § 2255 motion, Anderson argued that counsel rendered ineffective assistance because he: 1) coerced Anderson to plead guilty when he assured Anderson that he would win Anderson's case on appeal; and 2) he did not adequately prepare for the case. Upon review, the district court denied the motion as without merit.
 
 
 5
 Anderson has filed a timely appeal, essentially reasserting his same claims.
 
 
 6
 The district court properly denied Anderson's motion to vacate. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam). Anderson's counsel rendered effective assistance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Anderson did not establish that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir.1994). Anderson does not deny that counsel filed various motions on his behalf in an effort to protect Anderson's rights.
 
 
 7
 In addition, the record reflects that Anderson knowingly and voluntarily pleaded guilty. See King v. Dutton, 17 F.3d 151, 153 (6th Cir.), cert. denied, 114 S.Ct. 2712 (1994). At the plea hearing, the district court carefully explained that the government bore the burden of proof to establish his guilt for the charged offense. Anderson testified that he understood the maximum penalties he faced, as well as supervised release. Further, he testified that he understood the rights he was waiving. Anderson also testified that no one had threatened or intimidated him to plead guilty and that the parties had included all promises within the agreement. In addition, Anderson indicated that the government's version of the events leading to his arrest were accurate, and that he had in fact possessed crack cocaine with the intent to distribute. Anderson's unsupported allegation that counsel improperly convinced him to plead guilty is insufficient to overcome the presumption raised by his solemn declaration of guilt. See Blackledge v. Allison, 431 U.S. 63, 73-75 (1977).
 
 
 8
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation