85 F.3d 630
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven M. SCHULTZ, Defendant-Appellant.
 No. 95-4007.
 United States Court of Appeals, Sixth Circuit.
 May 8, 1996.
 
 Before: GUY, NELSON, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Steven M. Schultz appeals his judgment of conviction and sentence entered upon his plea of guilty to theft from interstate shipment in violation of 18 U.S.C. §§ 659 and 2. The district court sentenced Schultz to 14 months of imprisonment. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Schultz has filed a timely appeal. On appeal, Schultz's counsel has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel submitted the following issue for review: whether Schultz knowingly and voluntarily entered his guilty plea. Schultz has not responded to his counsel's motion to withdraw.
 
 
 3
 Upon review, we conclude that the district court properly accepted Schultz's guilty plea. The record clearly reflects that Schultz entered his guilty plea knowingly and voluntarily. See Brady v. United States, 397 U.S. 742, 749 (1970); King v. Dutton, 17 F.3d 151, 153 (6th Cir.), cert. denied, 114 S.Ct. 2712 (1994). The district court explained to Schultz the rights he was waiving by pleading guilty, the factual and legal nature of the offenses with which he was charged and the potential sentence he faced as a result of his guilty plea. Schultz acknowledged his guilt and explained for the record, in his own words, what conduct of his had resulted in the indictment. The record reflects a full understanding of the direct consequences of his plea so that Schultz's plea represents a voluntary and intelligent choice among the alternatives. See North Carolina v. Alford, 400 U.S. 25, 31 (1970).
 
 
 4
 We have further examined the record in this case, including Schultz's plea and sentencing transcripts, and conclude that no reversible error is apparent.
 
 
 5
 Accordingly, we hereby grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.