103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hyland Steve STERLING, Defendant-Appellant.
 No. 96-1482.
 United States Court of Appeals, Sixth Circuit.
 Dec. 06, 1996.
 
 Before: MERRITT, KENNEDY, and GUY, Circuit Judges.
 
 ORDER
 
 1
 Hyland Steve Sterling pleaded guilty to bank robbery, a violation of 18 U.S.C. §§ 2 and 2113(a). On January 12, 1996, he was sentenced to serve 72 months of imprisonment and two years of supervised release and to pay a $1000 fine. It is from this judgment that Sterling now appeals. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Sterling's attorney has filed a motion to withdraw, with a brief indicating that there are no colorable issues that may be raised on appeal. See Anders v. California, 386 U.S. 738, 744 (1967). Sterling was served with counsel's motion, but he has not filed a response.
 
 
 3
 A review of the record reveals no issues that would support an appeal in this case. The transcript of Sterling's re-arraignment indicates that his guilty plea was constitutionally valid and that the district court substantially complied with the requirements of Fed.R.Crim.P. 11. See King v. Dutton, 17 F.3d 151, 153-54 (6th Cir.), cert. denied, 114 S.Ct. 2712 (1994). The court established that Sterling understood the constitutional rights that he was waiving, the nature of the charges against him and the consequences of his plea. Sterling stated that he wanted to plead guilty and acknowledged a sufficient factual basis to support his plea. Sterling was represented by counsel, and he has not made any attempt to withdraw his plea. Under these circumstances, it would be frivolous to argue that the guilty plea was invalid.
 
 
 4
 The presentence investigation report indicated that Sterling had a total offense level of 25 and a criminal history category of II, yielding a sentencing range of 63 to 78 months of imprisonment. Sterling did not raise any objections to this report, and he did not raise any other legal arguments at sentencing. Indeed, the parties expressly agreed that Sterling's adjusted offense level and criminal history category had been calculated correctly. Thus, Sterling has waived any claims that he might have had regarding his sentence, in the absence of plain error that affects his substantial rights. See United States v. Bashara, 27 F.3d 1174, 1178 (6th Cir.1994), cert. denied, 115 S.Ct. 909 (1995). No potential error is apparent from the present record, as Sterling's sentence was consistent with his plea agreement and authorized by the applicable statutes and sentencing guidelines.
 
 
 5
 Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.