110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack THORNHILL, Defendant-Appellant.
 No. 95-4197.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: LIVELY, NELSON, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Jack Thornhill pleaded guilty to interstate travel in aid of racketeering, a violation of 18 U.S.C. § 1952(a). On October 19, 1995, he was sentenced to 27 months of imprisonment and three years of supervised release. Thornhill's appeal from this judgment has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Thornhill's counsel has filed a motion to dismiss, which we construe as his motion to withdraw, with a brief indicating that there are no colorable issues that may be raised on appeal. See Anders v. California, 386 U.S. 738, 744 (1967). Thornhill has not filed a response to this motion, and an independent review of the record reveals no issues that would support an appeal in this case.
 
 
 3
 Thornhill has waived any non-jurisdictional claims that he might have had regarding the rulings on his pre-trial motions by entering a valid and unconditional guilty plea. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). The re-arraignment transcript indicates that Thornhill's guilty plea was intelligent and voluntary and that the district court substantially complied with the requirements of Fed.R.Crim.P. 11. See United States v. Bashara, 27 F.3d 1174, 1178-80 (6th Cir.1994), cert. denied, 115 S.Ct. 909 (1995); King v. Dutton, 17 F.3d 151, 153-54 (6th Cir.), cert. denied, 114 S.Ct. 2712 (1994). The court established that Thornhill understood the rights he was waiving, the nature of the charges against him, and the consequences of his plea. Thornhill indicated that the plea was voluntary and acknowledged a sufficient factual basis to support his plea. Thornhill and his attorney both signed a plea agreement which also indicated that Thornhill's plea was voluntary and that he understood the maximum penalties that might be imposed. Thornhill was represented by counsel at his re-arraignment, and he has not made any attempt to withdraw his guilty plea. Under these circumstances, it would be frivolous to argue that his plea was invalid.
 
 
 4
 The presentence investigation report indicated that Thornhill was subject to a sentencing range of 41 to 51 months of imprisonment. Thornhill's attorney objected to the report insofar as it indicated that there were no reasons for departing from the guideline range. However, the government filed a USSG § 5K1.1 motion; the court granted the motion and reduced Thornhill's offense level to 19 based on the assistance that he provided to the authorities. See USSG § 5K1.1. The court also reduced Thornhill's offense level by one additional level, to expedite his return to his family. This resulted in a sentencing range of 27 to 33 months of imprisonment. The defense did not raise any other legal arguments at sentencing. Therefore, Thornhill has waived any claims that he might have regarding his sentence, in the absence of plain error that affects his substantial rights. See Bashara, 27 F.3d at 1178. No error is apparent from the present record. Hence, any direct challenge to Thornhill's sentence would be unavailing.
 
 
 5
 Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.