**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jimmy Lee BAXLEY, also known**
**as Tariq Baxley, Defendant–**
**Appellant.**

**No. 02–5836.**

United States Court of Appeals,
Sixth Circuit.

Sept. 16, 2003.

**452**

Candace G. Hill, Asst. U.S. Attorney, Terry M. Cushing, Asst. U.S. Attorney, U.S. Attorney's Office, Louisville, KY, for Plaintiff–Appellee.

Jimmy Lee Baxley, pro se, White Deer, PA, for Defendant–Appellant.

Before: SILER, BATCHELDER, and COOK, Circuit Judges.

### ORDER

Jimmy Lee Baxley pleaded guilty to possessing heroin for intended distribution. *See* 21 U.S.C. § 841(a)(1). On June 17, 2002, he was sentenced to ninety-two months of imprisonment and three years of supervised release. Baxley's appeal from that judgment has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Baxley is represented by newly appointed counsel, who has filed a motion to withdraw with a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The time for filing a response to this motion was extended to determine whether Baxley had retained a different attorney to represent him on appeal. Baxley subsequently filed a response which indicated his desire that appointed counsel continue to represent him. However, Baxley did not propose any specific legal arguments and an independent examination of the record reveals no issue that would support a viable direct appeal. *See id.*

■ The district court determined that Baxley was competent to enter a guilty plea. It also established that he understood his rights, the nature of the charges, and the consequences of his plea. Baxley indicated that the decision to plead guilty was voluntary, and he acknowledged a sufficient factual basis for his plea. Thus, we conclude that his guilty plea was valid and

that the court substantially complied with Fed.R.Crim.P. 11. *See United States v. Williams,* 176 F.3d 301, 309–10 (6th Cir. 1999); *King v. Dutton,* 17 F.3d 151, 153–54 (6th Cir.1994).

■ At sentencing, Baxley argued that he was not a career offender within the meaning of USSG § 4B1.1. In particular, he argued that the district court should treat his 1987 convictions for assault and homicide as related offenses, because they were consolidated for sentencing and the intervening arrest doctrine had not been adopted at that time. The court properly rejected these arguments because Baxley's prior convictions were separated by time and an intervening arrest and because he had a third prior conviction for another violent crime. *See United States v. Davis,* 15 F.3d 526, 532–33 (6th Cir.1994). The intervening arrest doctrine is applicable because he committed his current offense in 2001. *See United States v. Brewster,* 137 F.3d 853, 858–59 (5th Cir.1998).

The district court granted a motion to reduce Baxley's offense level by six levels, as he had provided substantial assistance in the government's investigation. *See* USSG § 5K1.1. Baxley had requested a further reduction. However, the court's well-informed decision to deny that request is not reviewable on appeal. *See United States v. Henderson,* 209 F.3d 614, 618 (6th Cir.2000).

Baxley did not raise any other significant legal arguments at sentencing. Thus, he has forfeited any other sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas-Nunez,* 91 F.3d 826, 830 (6th Cir.1996). No other potential error is apparent from the present record. The court ultimately determined that Baxley had a total offense level of 23 and a criminal history category of VI, yielding a reduced guideline range

of 92 to 115 months. Baxley's sentence fell at the bottom of that range. It also fell below the twenty-year statutory maximum that is authorized by 21 U.S.C. § 841(b)(1)(C). Hence, we conclude that any direct challenge to Baxley's sentence would be unavailing.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.