**Dewayne WILKERSON, Petitioner–Appellant,**

v.

**Kurt JONES, Warden, Respondent–Appellee.**

No. 03–1472.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2004.

Rehearing Denied Sept. 13, 2004.

Dewayne Wilkerson, Carson City, MI, pro se.

Debra M. Gagliardi, Asst. Atty General, Lansing, MI, for Respondent–Appellee.

Before KENNEDY, SUTTON, and COOK, Circuit Judges.

*ORDER*

Dewayne Wilkerson, a pro se Michigan prisoner, appeals a district court judgment dismissing his 28 U.S.C. § 2254 petition for a writ of habeas corpus. This case has

been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 9, 1998, Wilkerson pleaded guilty to two counts of delivering less than 50 grams of cocaine and one count of possessing less than 50 grams of cocaine. The original plea agreement provided for a minimum sentence of three years per count. For reasons not relevant to this appeal, the parties entered into an amended plea agreement following the plea hearing. The new plea agreement provided for a minimum sentence of five years per count. Because he was a second offender, his maximum term of imprisonment was 40 years per count. Accordingly, the trial court sentenced Wilkerson to three consecutive prison terms of 5 to 40 years. The trial court thereafter heard argument on Wilkerson's motion to withdraw his plea, but denied the motion on April 17, 2000. The Michigan Court of Appeals denied his application for leave to appeal his conviction and the denial of his motion to withdraw his plea, and the Michigan Supreme Court did likewise in 2001.

In his habeas corpus petition, Wilkerson asserted that: 1) his guilty plea was involuntary because he believed that the five-year minimum sentence specified in the plea agreement was a cap on his minimum sentence and the judge would have the discretion to set the minimum sentence below five years; and 2) trial counsel rendered ineffective assistance because Wilkerson was misled into accepting an enhanced minimum sentence that he did not understand. The district court denied the petition on the merits and certified the first issue for appeal.

Wilkerson has filed a timely appeal, reasserting his first claim.

In habeas corpus actions, this court reviews a district court's legal conclusions de novo and its factual findings for clear error. *Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999).

Upon review, we conclude that the district court properly dismissed the petition because the trial court's decision was neither contrary to federal law, nor an unreasonable application of federal law, as determined by the Supreme Court, and was not an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2); *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (opinion of O'Connor, J.).

A guilty plea is constitutionally valid if it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Voluntariness depends upon a full understanding of the direct consequences of the guilty plea. *Brady,* 397 U.S. at 755, 90 S.Ct. 1463; *King v. Dutton,* 17 F.3d 151, 153 (6th Cir.1994).

Consideration of the totality of the circumstances reveals that Wilkerson's plea was entered voluntarily and intelligently. The amended plea agreement provided for a five-year minimum sentence. Defense counsel, the prosecutor, and the court each mentioned this provision at sentencing, and Wilkerson himself ultimately acknowledged it. Thus, Wilkerson understood the direct consequences of his guilty plea. Furthermore, Wilkerson did not attempt to withdraw his plea during sentencing, but merely asked the court to sentence

him below the agreement. Although the court may have had discretion to sentence below the minimum, Wilkerson has failed to show that he was promised a lower sentence.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.