NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0858n.06
Filed: November 22, 2006

No. 05-3857

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| JOVITO STELL, | ) | |
| | ) | M E M O R A N D U M |
| Defendant-Appellant. | ) | O P I N I O N |

BEFORE:    GIBBONS and McKEAGUE, Circuit Judges; and TARNOW, District Judge.*

PER CURIAM.    Defendant-appellant Jovito Stell pleaded guilty to being a felon in possession of a firearm. He was sentenced to 92 months in prison. He contends on appeal that his plea was not intelligent and voluntary because he was not advised that his conviction constituted a parole violation that could result in additional imprisonment after completion of his 92-month sentence. For the reasons that follow, we affirm the judgment of the district court.

I

The material facts are not disputed. Jovito Stell was pulled over by a Cleveland police officer for speeding on July 22, 2003. As he later explained in a post-arrest interview, Stell had been

_____

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

paroled from prison a mere four months earlier. Being in possession of a 9mm handgun, he was fearful of being arrested, and so, as the officer questioned him, Stell drove off. After a high speed chase, which ended when Stell lost control of his vehicle and crashed into a utility pole, Stell was arrested.

Stell was charged with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Stell pleaded guilty to the charge pursuant to a plea agreement and was sentenced to a prison term of 92 months. After commencing his federal prison sentence, Stell received notice that Ohio authorities had lodged a detainer against him and that he would be held, on completion of his federal sentence, to answer for his parole violation This ostensibly came as a surprise to Stell. He timely filed notice of appeal to challenge the validity of his plea-based conviction. The issue raised on appeal is whether Stell's plea was invalid because not knowingly and voluntarily entered into, as he was not advised when his plea was accepted that his conviction constituted a parole violation.

**II**

The government first contends the court should not reach the merits of Stell's claim, but should dismiss the appeal, because Stell waived his right to appeal. Indeed, ¶ 17 of the plea agreement clearly provides that Stell waived his right to appeal, except upon grounds not here applicable. Such a waiver of appeal is generally enforceable – as long as it is made knowingly and voluntarily. *United States v. Swanberg*, 370 F.3d 622, 625 (6th Cir. 2004); *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004).

The enforceability of the appellate waiver thus turns on the very same questions that are implicated by Stell's claim that his plea is not valid. If the plea agreement is held to be unenforceable and the plea invalid because Stell's decision to plead guilty was not knowing and voluntary, then the appellate waiver, as part of the plea agreement, likewise falls. Conversely, if the district court's failure to advise Stell of the parole violation consequences of his plea does not invalidate his plea, then Stell's appellate claim will be denied on the merits for the very same reasons that the appellate waiver would be enforced. The government's assertion of the appellate waiver thus provides no grounds to avoid the merits of Stell's appellate claim; the voluntariness of the plea must be examined.

### III

After making inquiry of Stell and his attorney at the plea hearing about the terms of the plea agreement, the district court expressly found that Stell's plea was "voluntary and intelligent." It is undisputed, however, that neither Stell's attorney nor the district court expressly advised him, when he entered his plea, that his conviction would constitute a violation of the terms of his parole, exposing him to the possibility of additional imprisonment. This failure by the district court, Stell contends, was in violation of the Rule 11 requirement that the court not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. *See* Fed. R. Crim. P. 11. This voluntariness determination required the district court to ensure that defendant Stell was informed of all the "direct consequences" of his plea. *Brady v. United States*, 397 U.S. 742, 755 (1970). Stell contends the parole violation consequences of his plea are "direct

consequences." The district court's failure to inform him of these consequences is said to have been in error, rendering his plea other than knowing and voluntary, and therefore invalid.

Stell's claim depends fundamentally on a showing that parole violation consequences represent direct consequences, of which the district court was obliged to inform him before it accepted his plea. The claim is unsupported in the case law. None of the cases cited by Stell specifically supports the proposition.

In response, however, the government cites persuasive authority for the proposition that parole violation consequences are "collateral consequences," not direct consequences. In *King v. Dutton,* 17 F.3d 151, 153-54 (6th Cir. 1994), the Sixth Circuit explained that the district court has no obligation to inform the defendant of possible collateral consequences of his plea. A direct consequence is a result flowing from a plea that is "definite, immediate, and automatic." *Id*. at 154-55. "A collateral consequence is one that 'remains beyond the control and responsibility of the district court in which that conviction was entered.'" *El-Nobani v. United States*, 287 F.3d 417, 421 (6th Cir. 2002) (quoting *United States v. Gonzales*, 202 F.3d 20, 27 (1st Cir. 2000)).

In *El-Nobani*, the Sixth Circuit held that the possibility of deportation, even though it was practically automatic, was a collateral consequence of a conviction. Among other examples of collateral consequences, like a conviction's possible enhancing effect on subsequent sentences, the *King* court also expressly noted that a defendant need not be informed of the details of his parole eligibility. 17 F.3d at 153-54. In fact, the Sixth Circuit has specifically held that parole ineligibility, even though automatic, is not a "direct consequence" of the defendant's plea within the meaning of *Brady*. *Brown v. Perini*, 718 F.2d 784, 788-89 (6th Cir. 1983).

Further, in *Kratt v. Garvey*, 342 F.3d 475, 485 (6th Cir. 2003), the court held that a district court had no obligation to inform the defendant that his pilot's license would be revoked as a result of his guilty plea, because the license revocation was a matter beyond the control and responsibility of the district court. On the other hand, where suspension of a defendant's driver's license was an automatic and direct consequence of his plea, to be effected by the same court that accepted his plea, the court's failure to advise him of this consequence was deemed to render the plea not "knowing." *Hall v. Gainsheimer*, 137 F. App'x 866, 869 (6th Cir. 2005) (unpublished).

In view of these authorities, it is clear that the *possibility* that Ohio authorities will use Stell's instant conviction as a parole violation to extend his term of imprisonment for his earlier state convictions, being a matter beyond the control and responsibility of the district court, is a collateral consequence. As such, the district court was not obliged to inform Stell of the parole violation consequences. While it may represent the better practice for the district court to so advise a defendant before accepting his plea, neither the Constitution nor Rule 11, under the law of this circuit, makes such advisement requisite to a finding that a plea is knowingly and voluntarily made.

Moreover, although it is clear that the district court did not advise Stell of the parole violation consequences, the record evidences a strong likelihood that Stell was well aware the felon-in-possession offense would be a violation of the terms of his parole. In a post-arrest interview with police on July 24, 2003, Stell admitted that he tried to escape when he was pulled over because he had a gun and was on parole. He had been paroled a mere four months earlier and his extensive criminal history demonstrates that he was no stranger to the criminal justice system. On appeal, Stell has not attempted to disavow or explain away his post-arrest statement. In fact, nowhere in his

appellate brief does Stell even aver that he was unaware his conviction would constitute a parole

violation. He contends only that he was not so informed by his attorney or the district court.

Accordingly, Stell has failed to establish that his plea was other than knowing and voluntary.

The district court did not err by accepting the plea. The plea is therefore valid and Stell's conviction

must be upheld.[1]

**IV**

For the foregoing reasons, the district court's judgment is **AFFIRMED**.

---

[1]In his appellate brief, Stell identifies one of the issues presented for review as follows:

> Whether Defendant's attorney had a duty to inform Defendant that Defendant's guilty plea and subsequent sentence to 92 months in prison was also a parole violation, exposing Defendant to additional prison time.

The brief otherwise contains no mention of the issue and Stell does not argue the point even superficially. No matter how liberally construed, Stell's brief simply cannot reasonably be deemed to assert a claim of error based on defense counsel's ineffective assistance. Stell has neither identified a factual basis nor formulated a legal argument for a putative ineffective assistance claim. We therefore decline to recognize that any such claim has been asserted. *See United States v. Robinson*, 390 F.3d 853, 886 (6th Cir. 2004) (holding that issues adverted to in a perfunctory manner, unaccompanied by some developed argumentation, are deemed waived); *United States v. Sandridge*, 385 F.3d 1032, 1035 (6th Cir. 2004) (same).