NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0552n.06

No. 10-3334

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*May 29, 2012*

LEONARD GREEN, Clerk

WILLIAM MOVIEL, )
)
    Petitioner-Appellant, )
)
v. )
)
CLIFFORD SMITH, Warden, )
)
    Respondent-Appellee. )

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
OHIO

Before: MARTIN and DAUGHTREY, Circuit Judges; MALONEY, Chief District Judge.[*]

PER CURIAM. William Moviel, who is represented by counsel, appeals the denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

In 2005, Moviel pleaded guilty to three counts of disseminating matter harmful to juveniles; two counts of attempting to use a minor in material or a performance involving nudity; two counts of gross sexual imposition; two counts of public indecency; and one count of possessing criminal tools. Although Moviel's convictions were upheld on appeal, the case was remanded for resentencing in light of *State v. Foster*, 845 N.E.2d 470 (Ohio 2006). *In re Ohio Criminal Sentencing Statutes Cases*, 852 N.E.2d 156, 157 (Ohio 2006); *State v. Moviel*, No. 86244, 2006 WL 350205, at *1 (Ohio Ct. App. Feb. 16, 2006). The trial court re-sentenced Moviel to a total of eight years of imprisonment and five years of supervised release. He was also ordered to be classified as a sexual predator. That judgment was affirmed on appeal by the Ohio Court of Appeals, *State v.*

---

[*]The Honorable Paul L. Maloney, Chief United States District Judge for the Western District of Michigan, sitting by designation.

*Moviel*, No. 88984, 2007 WL 3286888, at *1 (Ohio Ct. App. Nov. 8, 2007), and the Ohio Supreme

Court denied Moviel's request for discretionary review. *State v. Moviel*, 885 N.E.2d 954 (Ohio

2008) (table).

Moviel then filed his habeas corpus petition in federal court, alleging that: 1) he was not

properly advised as to the nature of his guilty pleas; 2) the trial court should have allowed him to

withdraw his pleas; 3) he should have been sentenced to minimum and concurrent terms of

imprisonment; 4) the trial court failed to consider the statutory criteria when it imposed consecutive,

non-minimum sentences; and 5) there was insufficient support for the finding that he was a sexual

predator. Upon de novo review of a magistrate judge's report, the district court denied the petition.

We granted Moviel a certificate of appealability on his first two grounds for relief.

We review the district court's decision de novo. *See Holder v. Palmer*, 588 F.3d 328, 337

(6th Cir. 2009). As we discussed in *Holder*:

> This court usually reviews findings of fact for clear error, "but when the district court's decision in a habeas case is based on a transcript from the petitioner's state court trial, and the district court thus makes no credibility determination or other apparent findings of fact, the district court's factual findings are reviewed *de novo*." *Wolfe v. Brigano,* 232 F.3d 499, 501 (6th Cir.2000). And because petitioner filed his habeas petition in [2008], the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply. *Barker v. Yukins,* 199 F.3d 867, 871 (6th Cir.1999) (AEDPA applies to petitions filed after April 24, 1996).
>
> AEDPA prohibits this court from granting a state prisoner's habeas petition unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2).
>
> A state court decision is "contrary to clearly established Federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a different result." *Slaughter,* 450 F.3d at 232. A state court decision unreasonably applies federal law "if the state court identifies the correct governing legal principle from the

Supreme Court's decisions but unreasonably applies that principle to the facts." *Id.* (citing *Williams v. Taylor,* 529 U.S. 362, 407–08 (2000)).

A federal habeas court may not issue a writ under the unreasonable-application clause "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Bell v. Cone,* 535 U.S. 685, 694 (2002) (quoting *Williams,* 529 U.S. at 411, 120 S.Ct. 1495). The question under AEDPA is not "whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable-a substantially higher threshold." *Owens v. Guida,* 549 F.3d 399, 404 (6th Cir.2008) (quoting *Schriro v. Landrigan,* 550 U.S. 465, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007)).

*Id.* at 337–38.

A guilty plea is valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citation omitted). A defendant must receive adequate notice of "the true nature of the charge against him," *Henderson v. Morgan*, 426 U.S. 637, 645 (1976) (citation omitted), and be apprised of the direct consequences of his plea, including the maximum sentence that could be imposed. *King v. Dutton*, 17 F.3d 151, 153–54 (6th Cir. 1994). A defendant claiming ineffective assistance of counsel in connection with a guilty plea must demonstrate that his counsel's performance fell outside the range of competence demanded of attorneys in criminal cases and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58–59.

Moviel argues that his guilty pleas are invalid because he was not adequately advised of the nature of the offenses to which he pleaded guilty and the penalties he faced. In rejecting this argument, the Ohio Court of Appeals extensively quoted from the plea hearing transcript, setting forth the trial court's recitation of the offenses to which Moviel was pleading guilty and the available statutory penalties for each offense. *Moviel*, 2006 WL 350205, at *3–4. Based on its review of the plea colloquy, the court of appeals found that "the trial court made an exhaustive attempt to ascertain

that Moviel had a clear understanding of the charges and possible penalties before accepting the guilty pleas." *Id*. at \*4. Additionally, the court of appeals noted that the trial court asked Moviel "five different times" whether he understood the charges and the possible penalties, and Moviel responded each time that he did. *Id.* Moviel also indicated that his attorney "explained the charges and possible penalties." *Id.* Consequently, the court of appeals concluded that Moviel knowingly, intelligently, and voluntarily entered his guilty pleas. *Id.*

The decision by the Ohio Court of Appeals was neither contrary to, nor an unreasonable application of, clearly established federal law. Moviel asserts that he was informed that he would receive community control sanctions rather than a term of imprisonment. The trial court, however, stated the maximum possible penalties for each offense and explained that the sentencing judge would have the discretion to impose prison terms. Accordingly, even if Moviel's attorney gave him inaccurate advice in this regard, the trial court remedied any misconception by informing Moviel of the range of possible penalties for each offense. *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999).

Moviel also asserts that the trial court failed to properly determine that he understood the nature of the charges. Specifically, Moviel points to the trial court's statement at the plea hearing that he "may have shown [the victims] some films, things of that nature." According to Moviel, this did not conform to the allegations forming the basis for the second and third counts of the indictment. These counts charged Moviel with photographing the victims in a state of nudity in violation of Ohio Rev. Code § 2907.323. The indictment, however, clearly stated the charges and the supporting allegations, including the dates on which the photographs were taken. Additionally, the charges were outlined at the plea hearing, and Moviel informed the trial court that he understood the charges. *Moviel*, 2006 WL 350205, at \*3–4. Under these circumstances, Moviel is presumed to have been adequately informed of the charges to which he pleaded guilty. *See Marshall v.*

*Lonberger*, 459 U.S. 422, 437–38 (1983); *Berry v. Mintzes*, 726 F.2d 1142, 1147 (6th Cir. 1984).

The trial court's isolated remark is not enough to rebut this presumption, particularly when there is no indication that Moviel disputed the elements of these charges. *Cf. Henderson*, 426 U.S. at 646–47. Additionally, to the extent that Moviel rests his claim on the alleged failure of the trial court to take his guilty pleas on all ten counts, his argument is not supported by the record. Even the portion of the transcript on which Moviel relies contains his admission of guilt to "all these counts."

Moviel also challenges the validity of his guilty pleas to two counts of gross sexual imposition. He asserts that his trial counsel was ineffective for advising him to plead guilty to these counts because the indictment failed to allege an offense. The indictment charged Moviel under a statutory subsection prohibiting sexual contact with minors under the age of thirteen, which constitutes a third-degree felony. *See* Ohio Rev. Code § 2907.05(A)(4), (C)(2). The victims identified in these counts, however, were fifteen years old at the time of the alleged offenses. Moviel ultimately pleaded guilty to two counts of fourth degree gross sexual imposition, which encompasses other subsections of the statute involving the use of force or threatened force and impaired consent. *See* Ohio Rev. Code § 2907.05(A)(1)–(3) and (5), (C)(1).

The Ohio Court of Appeals rejected Moviel's ineffective assistance of counsel claim, reasoning that Moviel was "fully aware of the victims' ages and his actions when he pleaded guilty to the two counts of [fourth-degree] gross sexual imposition." *Moviel*, 2006 WL 350205, at *8. The court of appeals recognized that the indictment referenced an incorrect subsection, but concluded that Moviel was not prejudiced by the prosecution's failure to amend the indictment given that the trial court specifically advised Moviel that he was pleading guilty to fourth-degree felonies. *Id.* at *9.

The record does not show what statutory subsection formed the basis for Moviel's plea to fourth-degree gross sexual imposition. It does establish, however, that the indictment charged a flawed third-degree gross sexual imposition offense, that Moviel was advised by counsel before entering his plea, and that Moviel did not plead guilty to third-degree gross sexual imposition. In light of these facts, it is appropriate to presume that counsel gave Moviel sufficient notice of the charges to which he pleaded guilty. *See Berry*, 726 F.2d at 1147 ("[U]nder *Henderson*, a defendant should be presumed to have been informed adequately by his counsel of the charge to which he pleaded guilty even when the record is devoid of an explanation of the charge by the judge or of a representation by defense counsel that the nature of the charge has been explained to the defendant."). Moviel has not established that his trial counsel's performance was deficient or that, absent the alleged error, he would not have pleaded guilty to these counts.

Moviel also asserts that his right to due process was violated by the denial of his motion to withdraw his guilty pleas. The Ohio Court of Appeals concluded that the trial court lacked jurisdiction to consider the motion because Moviel's convictions had already been affirmed. *Moviel*, 2007 WL 3286888, at *2–3. The court of appeals further concluded that, even assuming that the trial court did have jurisdiction, the motion was barred by the doctrine of res judicata. *Id.* at *3. Because the state court relied on independent and adequate state grounds to bar review of Moviel's motion, the claims raised in that motion are procedurally defaulted for purposes of federal habeas corpus review. *See Cvijetinovic v. Eberlin*, 617 F.3d 833, 836 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 1518 (2011).

The district court's judgment is affirmed.