NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0550n.06
Filed: June 24, 2005

Case No. 04-3475

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DARNELL HALL, SR., | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| Petitioner-Appellant, | ) | THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD GAINSHEIMER, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

Before: SILER and GIBBONS, Circuit Judges; STAFFORD, District Judge.*

STAFFORD, District Judge. Petitioner appeals the district court's judgment denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

I.

On October 14, 1998, the Cuyahoga County Grand Jury indicted Darnell Hall, Sr. ("Hall"), on (1) one count of knowingly possessing or using a controlled substance, cocaine, in an amount exceeding one thousand grams, in violation of Ohio Revised Code § 2925.11 (Count 1); (2) one count of knowingly preparing drugs for sale in violation of Ohio Revised Code § 2925.07 (Count 2); and (3) one count of possessing

_____

* The Honorable William Stafford, United States District Judge for the Northern

District of Florida, sitting by designation.

criminal tools in violation of Ohio Revised Code § 2923.24 (Count 3). Counts 1 and 2 contained a major drug offender specification because those counts involved the possession of at least one thousand grams of cocaine.

On March 29, 1999, on the recommendation of the prosecutor, Count 1 was amended to included a charge of attempt, and the major drug offender specification was deleted. Hall then pleaded guilty to Count 1, as amended, and Counts 2 and 3 were "nolled."

On April 19, 1999, Hall was sentenced to a six-year term of incarceration, a $15,000 fine, and a mandatory five-year driver's license suspension. During the course of the sentencing, Hall unsuccessfully attempted to withdraw the guilty plea he had entered the previous month. While explicitly acknowledging that the court had complied with Rule 11 at the plea colloquy, Hall's attorney nonetheless advised the court that his client had changed his mind. Counsel did not suggest that Hall wanted to withdraw his plea because the court had failed to advise him about the direct consequences of his plea. Indeed, Hall's attorney gave no reason at all for his client's change of mind.

Hall filed a timely appeal in the Court of Appeals of Ohio, asserting three errors: (1) that he was denied due process when the court denied his motion to withdraw his plea; (2) that he was denied due process when the court failed to inform him about the penalties; and (3) that he was denied due process when his guilty plea was entered unknowingly, unintelligently and involuntarily. On July 14, 2000, the court of appeals affirmed the judgment of the trial court, finding no merit to any of Hall's claims of error. Hall thereafter appealed to the Ohio Supreme Court, which dismissed the appeal as not

involving any substantial constitutional question.

On December 8, 2000, Hall filed a federal habeas corpus petition in the United States District Court for the Northern District of Ohio, Eastern Division, raising, in essence, the same three claims that he raised in the state appellate court. On May 7, 2002, a magistrate judge recommended dismissal, with prejudice, of Hall's petition. Adopting the magistrate judge's report and recommendation in part, the district court dismissed Hall's petition. The district court thereafter denied Hall's motion to alter or amend but granted Hall a certificate of appealability on the sole issue of whether the trial court committed constitutional error by failing to advise Hall of a mandatory driver's license suspension prior to taking his guilty plea and, if so, whether such an error required the granting of Hall's writ.

II.

In reviewing the district court's denial of Hall's petition for a writ of habeas corpus, we review the district court's legal conclusions *de novo* and its factual findings for clear error. *Towns v. Smith*, 395 F.3d 251, 257 (6th Cir. 2005).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

## III.

Hall argued before the Court of Appeals of Ohio that he was denied due process when the trial court failed to inform him that his plea would result in a suspension of his driver's license. The Court of Appeals rejected this argument, stating:

> In the instant case, the trial court was in, at a minimum, substantial compliance with Crim. R. 11. [Hall] states that [at the plea colloquy] the trial court failed to inform him of the potential penalties arising out of his plea because he was never told that he could be subject to a fine and he was never told that his driver's license could be suspended. The record does not support these assertions.
>
> At the sentencing hearing the judge requested that the prosecutor state on the record the potential license suspension facing [Hall] as a result of his plea. The prosecutor did so state on the record, prior to the juncture at which [Hall] attempted to withdraw his plea. [Hall] did not state that he was surprised by the potential license suspension and he did not list the suspension as a reason why he attempted to withdraw his plea. Given the fact that the suspension was for a period of five years and that the trial court imposed a sentence of imprisonment of six years, there was no prejudice to [Hall] in specifying the driver's license suspension prior to sentencing, rather than at the time of the plea hearing.

J.A. at 119-20.

A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently by the defendant. *Brady v. United States*, 397 U.S. 742, 748 (1970). For a plea to be intelligent and knowing, the trial court must ensure that the defendant is "aware of the *direct consequences* of the plea." *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994)

(emphasis added).  Here, the district court found, as a matter of fact, that the trial court failed to advise Hall during the plea colloquy that a guilty plea would result in the court's having to suspend Hall's driver's license for a period up to five years.  Indeed, there was a complete absence of any mention of a driver's license suspension during the plea colloquy and, therefore, the district court's finding of a failure-to-advise is not clearly erroneous.

The district court also concluded, as a matter of law, that (1) the trial court was required to advise Hall at the plea colloquy that, if he pleaded guilty, he would face a suspension of his driver's license under Ohio Revised Code § 2925.11(E)(2), and (2) the trial court's failure to do so was error of constitutional magnitude.  We agree with the district court's conclusion.

As a judge-imposed punishment made part of Hall's sentence, the suspension of Hall's driver's license constituted a direct consequence of Hall's guilty plea.  It was not a collateral consequence to be imposed, if at all, by an agency or party external to the court.  *See El-Nobani v. United States*, 287 F.3d 417, 421 (6th Cir.) (explaining that "[a] collateral consequence is one that 'remains beyond the control and responsibility of the district court in which that conviction was entered'") (quoting *United States v. Gonzalez*, 202 F.3d 20, 27 (1st Cir. 2000)), *cert. denied*, 537 U.S. 1024 (2002); *cf. Kratt v. Garvey*, 342 F.3d 475 (6th Cir. 2003) (holding that revocation of a defendant's pilot's license was a collateral consequence of the defendant's guilty plea to drug charges where the revocation was effected by the Federal Aviation Administration more than a year and a half after the defendant pleaded guilty before the court).  Because the suspension of Hall's driver's license was to be a direct consequence of his plea, effected by the trial

court as required by Ohio law, the trial court was required to advise Hall that his plea would result in such suspension.

The trial court having failed to advise Hall of all the direct consequences of his guilty plea, Hall's plea was not "knowing." To the extent that the state appellate court found that the trial court was in "substantial compliance" with the law and that Hall's plea was, therefore, "knowing," the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

Notwithstanding the trial court's error, the district court concluded that Hall was not entitled to relief because he failed to demonstrate that he was prejudiced by the trial court's failure to advise him about the driver's license suspension at the time of his plea. Indeed, under *Brecht v. Abrahamson*, 507 U.S. 619 (1993), a habeas petitioner is not entitled to collateral relief unless he or she demonstrates the existence of an error of constitutional magnitude which "had substantial and injurious effect or influence" on the guilty plea. *Brecht* 507 U.S. at 637. In other words, *Brecht* requires a habeas petitioner to establish that any error resulted in actual prejudice. *See also Ford v. Curtis*, 277 F.3d 806, 809 (6th Cir.) (explaining that a state prisoner is not entitled to habeas relief unless he can establish actual prejudice), *cert. denied*, 537 U.S. 846 (2002). This Hall failed to do.

The record suggests, and Hall does not contend otherwise, that his five-year driver's license suspension runs concurrently with his six-year term of incarceration. The suspension will thus lapse while Hall is incarcerated and, consequently, will have no prejudicial effect on Hall. Hall makes no attempt to explain how a maximum five-year driver's license suspension had a "substantial and injurious effect or influence" on

his guilty plea. Indeed, when he learned at sentencing about the license suspension, he expressed no surprise; he failed to object to the suspension; and he failed to list the suspension as a reason why he wanted to withdraw his plea. Before the district court, moreover, he made no showing that, but for the trial court's failure to properly advise him about the driver's license suspension, he would not have pleaded guilty.

Because Hall failed to demonstrate that the trial court's failure to advise him about the mandatory driver's license suspension at the time of his plea resulted in actual prejudice to him, we AFFIRM the district court's denial of Hall's petition for habeas corpus relief.