**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 8, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10748
Summary Calendar

_____

JOE A. EPPERSON, JR.,

                                        Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-854-Y
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Joe Epperson appeals the district court's dismissal with

prejudice of his social security appeal as time-barred pursuant

to 42 U.S.C. § 405(g).  Epperson argues that the district court's

erroneous application of local rules resulted in the dismissal of

his complaint.

    First, Epperson contends that the court permitted the

Commissioner of Social Security (Commissioner) to file a motion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to dismiss his complaint without the requisite certificate of interested persons. Epperson argues that this error prevented him from filing a timely response to the motion to dismiss. Epperson's argument is unavailing because, pursuant to the relevant local rules, his response was untimely even from the date that the Commissioner filed the certificate of interested persons. See LR 7.1(e), 7.4. In any event, Epperson has failed to brief the merits of his response. Any arguments raised in the response are waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Second, Epperson contends that the district court erred in striking his Rule 59(e) motion from the record for failure to comply with local rules. The district court's decision to strike a pleading from the record is reviewed for abuse of discretion. See Clark v. Tarrant County, 798 F.2d 736, 747 (5th Cir. 1986). Epperson failed to make any attempt to cure the defects in his motion. Epperson has neither explained on appeal what grounds for relief he sought in his Rule 59(e) motion, nor has he asserted any grounds for equitable tolling of the 42 U.S.C. § 405(g) limitations period. Accordingly, the district court did not abuse its discretion in striking Epperson's Rule 59(e) motion from the record. The judgment of the district court is AFFIRMED.