**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2009

Charles R. Fulbruge III
Clerk

No. 07-40376
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOEL LOPEZ, SR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-857-6

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Joel Lopez, Sr., was convicted, following a jury trial, of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana, five kilograms or more of cocaine, and 50 grams or more of methamphetamine; possession with intent to distribute 330 kilograms of marijuana; possession with intent to distribute 460 kilograms of marijuana; possession with intent to distribute 714 kilograms of marijuana; and conspiracy to launder monetary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

instruments.  Lopez received a life sentence.  Proceeding pro se, he argues that he was denied his right to a speedy trial.  He further contends that the district court abused its discretion and violated his due process rights by not ruling on his pro se motion to dismiss the indictment based on a violation of the Speedy Trial Act.

Prior to trial, Lopez filed a pro se motion to dismiss pursuant to the Speedy Trial Act.  However, as Lopez acknowledges, he was represented by counsel at the time he filed the motion.  A criminal defendant does not have the right to "hybrid representation."  *United States v. Ogbonna*, 184 F.3d 447, 449 & n.1 (5th Cir. 1999).  As such, Lopez's pro se motion to dismiss was an unauthorized motion and the district court properly disregarded it.

The Speedy Trial Act states that "[f]ailure of the defendant to move for dismissal prior to trial . . . shall constitute a waiver of the right to dismissal under this section."  18 U.S.C. § 3162(a)(2).  In *Zedner v. United States*, 547 U.S. 489, 502-03 (2006), the Supreme Court held that § 3162(a)(2) does not allow a prospective waiver but does require a defendant to assert the right before trial, in part, to "ensure[e] that an expensive and time-consuming trial w[ould] not be mooted by a late-filed motion."  In light of the statute's plain language and its purpose, as recognized by the Court, Lopez waived any right to dismissal under the Speedy Trial Act by his failure to properly move for dismissal prior to trial.  Accordingly, the judgment of the district court is AFFIRMED.