# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 14, 2009

Charles R. Fulbruge III
Clerk

No. 07-51195
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SAUL ALVARADO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1829-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Saul Alvarado is appealing his convictions following a jury trial for importation of marijuana and for possession of marijuana with intent to distribute. Alvarado was sentenced to serve terms of imprisonment of 37 months on each count, the terms to run consecutively.

Alvarado argues that his rights under the Speedy Trial Act, 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3161, were violated because he was not tried within 70 days of the indictment. He concedes that he did not make an objection to the error in the district court and that review is for plain error. The Government argues that Alvarado's failure to move for a dismissal under the Speedy Trial Act prior to trial constituted a waiver of the right to a dismissal on that basis.

Pursuant to 18 U.S.C. § 3162(a)(2), the failure of a defendant to move for a dismissal under the Speedy Trial Act prior to trial "shall constitute a waiver of the right to dismissal." This court has determined that the Speedy Trial Act does not provide any exceptions to this waiver provision. *United States v. Westbrook*, 119 F.3d 1176, 1186 (5th Cir. 1997). Alvarado admits that he did not raise the speedy trial error in the district court. Thus, he waived his right to a dismissal of the indictment on that basis. *Id*. Therefore, the claim is not subject to appellate review.

Alvarado argues for the first time on appeal that the district court abused its discretion by striking his pro se motion for a constitutional speedy trial in which he moved to dismiss the indictment. He asserts that he always desired to proceed to trial but his counsel wanted to continue the case without sufficient reasons.

This court reviews a district court's "administrative handling of a case, including its enforcement of the local rules and its own scheduling orders[,] for abuse of discretion." *Macklin v. City of New Orleans*, 293 F.3d 237, 240 (5th Cir. 2002). Alvarado has not disputed that the local rules of the Western District of Texas required him to file a proposed order with his motion. Alvarado was advised of the deficiency in his pleading, but he did not take any steps to correct the defect. He has not given any reasons in his brief for his failure to do so. Thus, the district court did not abuse its discretion or commit plain error in striking the pleading.

Further, Alvarado does not have a "constitutional right to hybrid representation." *United States v. Ogbonna*, 184 F.3d 447, 449 n.1 (5th Cir. 1999)

(citation omitted). Because Alvarado was represented by counsel in the district court, he was not entitled to file a pro se motion on his own behalf.

Insofar as Alvarado may be dissatisfied with counsel's representation regarding the speedy trial issue, any complaint of ineffective assistance of counsel must be asserted in a 28 U.S.C. § 2255 motion because the claim was not developed in the district court. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006); *see also Massaro v. United States*, 538 U.S. 500, 504-05 (2003).

Alvarado's conviction is AFFIRMED.