**NOT RECOMMENDED FOR PUBLICATION**

File Name: 09a0755n.06

**No. 08-5253**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | **Dec 01, 2009** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JAMES COTTLE, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  Batchelder, Chief Judge; Siler and Gilman, Circuit Judges.

**SILER**, Circuit Judge.  James Cottle was convicted on his guilty plea and now appeals the district court's sentence and acceptance of his plea.  For the following reasons, we AFFIRM.

**BACKGROUND**

Cottle was indicted for receiving and possessing child pornography based on the findings of a search of the home he shared with his father in Paintsville, Kentucky.  The findings of a second search were used to enhance his sentence.  During the course of the first search, which was conducted pursuant to a warrant, the police seized two computers and several printed pornographic photos of children.

After being indicted, Cottle was prohibited from remaining at his former residence or spending time with his children without supervision as conditions of his bond.  While conducting a home visit and finding Cottle at the residence with his children, unsupervised, social services

contacted the police to notify them that a new computer was in the home. When the police arrived,

Cottle's father consented to a second search of the home, and the police seized another computer and

more printed photographs of child pornography.

Cottle pleaded guilty to possessing and receiving child pornography in violation of 18 U.S.C.

§§ 2252(a)(2) and 2252(a)(4)(b), counts one and eleven of the indictment, on September 19, 2007.[1]

As part of his plea agreement, he waived his right to appeal and collaterally attack his conviction or

sentence, except that he reserved the right to appeal any legal determination that related to the

enhancement of his offense level based on the number of images he possessed, pursuant to USSG

§ 2G2.2(b)(7).

The Presentence Report ("PSR") calculated Cottle's total offense level at 32. The district

court rejected an enhancement of two points for obstruction of justice, but it reviewed the images

obtained during the second search to verify they met the definition of pornography, were relevant

to the offense conduct charged in this case, and exceeded 600 images. It then concluded that the

images discovered during the second search were relevant conduct warranting a five-point

enhancement under USSG § 2G2.2(b)(7). It found Cottle's total offense level to be 30 and his

Guidelines range to be 108 to 135 months of imprisonment, and sentenced him to 160 months for

count one and 100 months for count eleven, to run concurrently.

On appeal, Cottle's counsel filed a brief pursuant to *Anders v. State of California*, 286 U.S.

738 (1967), explaining that, in his opinion, the issues set forth in the brief were without merit. Cottle

---

[1]The charges in the indictment arose only from the photographs obtained during the first
search of Cottle's residence.

filed a pro se brief in response, setting out fourteen arguments in support of his appeal. The United

States filed a motion to dismiss this appeal, arguing that Cottle waived his ability to appeal his

conviction and sentence in the plea agreement, and Cottle's counsel filed a brief in response. We

granted the government's motion in part and denied it in part, limiting the issues to be considered

on appeal to issues one and five in the *Anders* brief and issues four through nine in the pro se brief.

 We denied counsel's motion to withdraw and set a briefing schedule.

**DISCUSSION**

**I. Voluntariness of the Plea**

A guilty plea is valid if it is entered voluntarily and intelligently based on the totality of the

circumstances. *Brady v. United States*, 397 U.S. 742, 749 (1970). A plea is voluntary if it is entered

into "by one fully aware of the direct consequences." *Id.* at 755, 757. A "defendant need only be

aware of the direct consequences of the plea, however; the trial court is under no constitutional

obligation to inform the defendant of all the possible collateral consequences of the plea." *King v.*

*Dutton*, 17 F.3d 151, 153 (6th Cir. 1994).

Matters that are beyond the control or responsibility of the district court are collateral

consequences of a conviction or plea. *El-Nobani v. United States*, 287 F.3d 417, 421 (6th Cir. 2002).

The district court here ordered Cottle to register as a sex offender as prescribed by law, meaning

whether he must actually register is controlled by state and federal law and is beyond the control or

responsibility of the court. We have previously recognized consequences of conviction similar to

sex offender registration to be collateral consequences. For instance, in *Sanusi v. Gonzales*, 474 F.3d

341 (6th Cir. 2007), we held that "there is no obligation to advise a criminal defendant of the

collateral immigration consequences of entering a guilty plea." *Id.* at 347. Similarly in *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994), we recognized that a "conviction's possible enhancing effect on subsequent sentences has been held to be merely a collateral consequence of a guilty plea, about which a defendant need not be advised." *Id.* at 153. Moreover, we have characterized sex offender registration requirements as collateral consequences in other situations. *See Leslie v. Randle,* 296 F.3d 518, 522 (6th Cir. 2002) (recognizing registration and notification requirements of a state's sexual predator statute as collateral consequences of a conviction). Because the fact that Cottle may have to register as a sex offender is only a collateral consequence of his guilty plea, the district court was not required to inform him of this fact for the plea to be valid. Accordingly, Cottle's guilty plea was valid, and the district court's acceptance of the plea was proper.

## II. Sentencing Enhancement

Cottle argues the district court erred in applying an enhancement to his sentence under § 2D2.2(b)(7)(D) based on the fruits of the second search because (1) the second search was unconstitutional; and (2) the images were not accurately counted according to the statutory definition for child pornography.[2]

The evidence here supports finding the second search legal. "The Fourth Amendment recognizes a valid warrantless entry and search of premises when police obtain the voluntary consent

---

[2]At sentencing, Cottle's counsel also argued that the enhancement was improper because the images obtained in the second search were not relevant conduct since Cottle could have obtained those images after the indictment. The district court concluded that Cottle obtained the images prior to the indictment, and they were simply overlooked in the first search. It does not appear that Cottle or his counsel appeals this conclusion, so we need not consider it when determining whether the enhancement was warranted.

of an occupant who shares, or is reasonably believed to share, authority over the area in common with a co-occupant who later objects to the use of evidence so obtained." *Georgia v. Randolph*, 547 U.S. 103, 106 (2006) (citing *Illinois v. Rodriguez*, 497 U.S. 177 (1990)).

At the time of the second search, Cottle's father answered the door and consented to the search of the home. Cottle had previously been ordered not to be at that house, and, before signing a form giving the police consent to search the residence, his father stated that his son had not been living there. At sentencing, Cottle withdrew his objection to the search. Since the search was properly based on the consent of Cottle's father, it was not illegal. Cottle's challenge to the breadth of the search is similarly rejected. General consent to search reasonably includes permission to search any container that might hold illegal objects. *United States v. Canipe*, 569 F.3d 597, 606 (6th Cir. 2009). The breadth of the second search, including the house and the computer, was reasonable based on Cottle's father's consent. Finally, even if the search were illegal, it is not clear that the fruits of the search would be excluded at sentencing. *Compare United States v. Nichols*, 979 F.2d 402, 410-11 (6th Cir. 1992) (excluding evidence obtained from an illegal search at sentencing), *with United States v. Jenkins*, 4 F.3d 1338, 1345 n.8 (6th Cir. 1993) (rejecting parts of *Nichols* and refusing to exclude such evidence at sentencing).

USSG § 2D2.2(b)(7)(D) provides for a five-point enhancement when the number of images of child pornography, defined by statute at 18 U.S.C. § 2256(8), exceeds 600. Since the district court properly calculated the number of images for which Cottle was responsible, its application of the § 2D2.2(b)(7)(D) enhancement is affirmed.

### III.  Ineffective Assistance of Counsel

Cottle also appears to argue that his counsel was ineffective because he failed to make several objections during sentencing and failed to call Cottle or his family members to the stand.  It is not normally appropriate to consider ineffective assistance of counsel claims on direct appeal, *United States v. Bradley*, 400 F.3d 459, 461-62 (6th Cir. 2005), and we decline to do so here.

### CONCLUSION

**AFFIRMED**.