# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 7, 2013

Lyle W. Cayce
Clerk

No. 12-30765

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT CUFF, also known as DD0040, also known as Slapalot, also known as Robert E. Cuff,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CR-62-21

Before STEWART, Chief Judge, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

Robert Cuff pleaded guilty, pursuant to a written plea agreement, to Count 1 of a three-count second superseding indictment charging him with engaging in a child exploitation enterprise (CEE), in connection with an Internet file-sharing site. He was sentenced to a term of imprisonment of life and to a period of supervised release of life. Cuff has appealed his conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30765

Cuff contends first that the district court erred in accepting his guilty plea without making an adequate inquiry into whether his plea was knowing, intelligent, and voluntary.  He maintains that he lacked the capacity to enter a valid guilty plea as a result of side effects of anti-malarial medication he took in connection with his military service.  Cuff did not call any lack of capacity to the court's attention during the Rule 11 hearing; to the contrary, as discussed below, he and his attorney insisted that he fully understood the nature of the proceedings. Our review of this issue is for plain error.  *See United States v. Vonn*, 535 U.S. 55, 59 (2002).  To show plain error, Cuff must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If Cuff makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

The standard for competency to plead guilty is the same as the standard for competency to stand trial.  *Godinez v. Moran*, 509 U.S. 389, 398-99 (1993). The defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and have "a rational as well as factual understanding of the proceedings against him." *Id.* at 396 (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)); *see also* 18 U.S.C. § 4241(d) (determination of mental competency to stand trial).

The record reflects that, at the time of the rearraignment, Cuff was regarded by his supervisors and peers as high functioning, his demeanor was not unusual, and no medical opinions bearing on competency had been presented. During the plea colloquy, Cuff responded to questions appropriately with no indication of mental deficiencies.  There is no reason to believe that Cuff did not comprehend and could not participate in the criminal proceedings.  *See United States v. Flores-Martinez*, 677 F.3d 699, 706 (5th Cir.), *cert. denied*, 133 S. Ct. 326 (2012).  Although questions about Cuff's mental "status" had surfaced, the

2

court and counsel stated that Cuff's competency to enter a guilty plea was not in doubt. Cuff has not pointed to evidence that was before the district court sufficient to raise a bona fide doubt about his competency. *See id.* No error has been shown, plain or otherwise, with respect to the district court's acceptance of Cuff's guilty plea without making a further inquiry into his competency. *See id.* at 707.

Cuff complains next that the district court failed to admonish him that he would be required to register as a sex offender. Because he did not raise this issue before the district court at his rearraignment, we also review this issue for plain error. *See Vonn*, 535 U.S. at 59. However, the law on that question is unsettled in this circuit, so the district court's omission cannot be plain error. *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).[1]

Cuff also contends that his guilty plea was not supported by an adequate factual basis. More particularly, Cuff asserts that the factual basis failed to establish (1) that his postings on the file-sharing site depicted more than one victim, and (2) that he made those postings in concert with three or more persons. *See* 18 U.S.C. § 2252A(g)(2); *see also United States v. Wayerski*, 624 F.3d 1342, 1348 (11th Cir. 2010) (discussing elements of offense); *United States v. Daniels*, 653 F.3d 399, 411-13 & n.4 (6th Cir. 2011) (same), *cert. denied*, 132 S. Ct. 1069 (2012). Again, our review is for plain error. *See Vonn*, 535 U.S. at 59. "In assessing factual sufficiency under the plain error standard, we may look beyond those facts admitted by the defendant during the plea colloquy and scan

---

[1] The Sixth Circuit has held that mandatory sex-offender registration is a collateral consequence of a defendant's guilty plea, which need not be mentioned during a Rule 11 plea colloquy. *United States v. Cottle*, 355 F. App'x 18, 20-21 (6th Cir. 2009); *see also United States v. Bethurum*, 343 F.3d 712, 718 (5th Cir. 2003) ("[A] defendant can effectively waive his rights even if not informed of 'all the consequences that may flow from conviction or from the imposition of sentence.'") (quoting *United States v. Edwards*, 911 F.2d 1031, 1035 (5th Cir. 1990)); *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000) ("The defendant need only understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur.").

the entire record for facts supporting his conviction, and draw any fair inferences from the evidence." *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012) (internal quotation marks omitted).

The record reflects that Cuff's postings depicted more than one victim. The factual basis recited that Cuff was a member of an Internet bulletin board, to which he contributed 43 posts, primarily to the board's "PT Vids" section.[2] It recited, "Most of his posts were of very young *children* posing or engaging in sexual acts with adults." (emphasis added). The use of the plural word "children" reflects that the videos posted by Cuff involved more than one child. Also, the case agent referred in her testimony at Cuff's detention hearing to multiple child victims. It may be fairly inferred that Cuff's postings depicted more than one victim. *See id.*

Cuff's second contention, that he did not make those postings "in concert" with three or more persons, is based on a novel legal theory.[3] Thus, he cannot show that the district court plainly erred in determining that the factual basis was adequate in that regard. *See Evans*, 587 F.3d at 671. Moreover, the factual basis recites that, to become a member of the bulletin board, a person had to submit an advertisement to distribute child pornography to the board's creator/administrator, who would then decide (1) whether to give the person membership on the board and, if so, (2) the level of membership the person would be given. The board had other administrators who were responsible for protecting the security of the members and the board and for keeping the board

---

[2] The PT Vids section contained hard core videos of pre-teens engaging in sexual acts with adults.

[3] Cuff contends that "for someone to have acted 'in concert' with [him] to commit one of the predicate felonies, he or she must have had the *mens rea* required to 'conspire' with him to commit that offense." *See Daniels*, 653 F.3d at 413. This circuit has never had occasion to consider the meaning of "in concert" in this context and the authority from other circuits is sparse and inadequate for us to conclude that the meaning is clear.

operating. Those administrators had full access to all of the child pornography advertised on the board. The case agent testified at the detention hearing that the file-sharing site used was run by a total of five administrators. Thus, sufficient facts were produced to support a determination that Cuff acted in concert with at least three other persons in committing the predicate offenses by conspiring with the administrators.

Finally, Cuff contends that the district court should have permitted him to withdraw his guilty plea. We have carefully considered the district court's application of the factors listed in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984), and have no difficulty concluding that the district court did not abuse its discretion. *See United States v. McKnight*, 570 F.3d 641, 645-49 (5th Cir. 2009).

Although Cuff complains of prosecutorial misconduct, he did not develop the facts supporting this claim, so we are not able to review it on appeal. Cuff also indicated that he wishes to raise questions of ineffective assistance of counsel, which are not ripe for review at this juncture. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).

For the above reasons, the judgment of the district court is AFFIRMED.