# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2021

Lyle W. Cayce
Clerk

No. 19-10600

United States of America,

*Plaintiff—Appellee*,

*versus*

Marcus Darwyn Jones, also known as Dab,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-357

Before Owen, *Chief Judge*, and Dennis and Haynes, *Circuit Judges*.
Per Curiam:*

Marcus Jones pleaded guilty to two counts of racketeering, one of which was predicated on child sex trafficking. On direct appeal, Jones argues that his plea was not knowing and voluntary because he was misled about the collateral consequence of mandatory sex offender registration under the federal Sex Offender Registration and Notification Act (SORNA). *See* 34

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

U.S.C. § 20901 *et seq.*[1] The Government asserts that Jones's plea was knowing and voluntary, that the district court made no error, and further, that Jones likely will not have to register as a sex offender because the district court did not order registration as a mandatory condition of supervised release. It is unnecessary at this stage for us to decide whether Jones or the Government is correct as to whether Jones will have to register as a sex offender at some point in the future. On this record, his claim that his guilty plea was not knowing and voluntary nonetheless fails. Therefore, we AFFIRM his conviction.

## I. Factual and Procedural Background

Jones was arrested in May 2017 and charged with two counts of sex trafficking of children in violation of 18 U.S.C. §§ 1591(a) & (b)(2). Jones directed and facilitated the engagement in prostitution of two minors, Jane Doe 1 and Jane Doe 2, by posting advertisements on the internet and purchasing hotel and motel rooms for that purpose. According to his Presentence Report (PSR), he also had sexual intercourse with Jane Doe 1.

Jones was initially represented by appointed counsel, Paul Lund, who engaged in plea negotiations with the Government. While negotiations were ongoing, Lund filed a motion to withdraw, which was granted. Heath Hyde was appointed to represent Jones. Hyde continued plea negotiations and a deal was reached wherein the Government agreed to dismiss the sex trafficking charges and Jones agreed to plead guilty to two counts of use of a facility of interstate commerce in aid of a racketeering enterprise in violation of 18 U.S.C. §§ 1952(a)(2) and (a)(3).[2] The "unlawful activity" underlying

---

[1] While failing to comply with SORNA can result in criminal penalties, SORNA itself is not a criminal statute, but rather a "civil regulation" that "establishes a comprehensive national system for the registration of [sex] offenders." *United States v. Young*, 585 F.3d 199, 204 (5th Cir. 2009).

[2] The two racketeering charges had a combined statutory maximum sentence of 25 years imprisonment, 20 years for Count 1 and five years for Count 2. *See* 18 U.S.C.

Count 1 was "promotion of prostitution" in violation of Texas Penal Code § 43.03, and the underlying "crime of violence" was "sex trafficking of children" in violation of 18 U.S.C. § 1591(a). The unlawful activity underlying Count 2 was also "promotion of prostitution" in violation of Texas Penal Code § 43.03.

A written plea agreement and supplemental agreement were signed by Jones on October 26, 2018, neither of which mentioned sex offender registration. Jones also signed a Factual Resume, which included stipulated facts as well as a recitation of the elements of racketeering, 18 U.S.C. § 1952, and the elements of the crime of violence underlying Count 1, sex trafficking of children in violation of 18 U.S.C. § 1591(a). On November 27, 2018, Jones was re-arraigned and pleaded guilty before a magistrate judge to the two-count superseding information. On December 14, the district court adopted the magistrate judge's recommendation to accept the guilty plea.

On January 2, 2019, Jones filed a *pro se* motion to replace Hyde, claiming ineffective assistance of counsel. The motion, which was dated December 3, 2018, faulted counsel on several grounds but nowhere mentioned sex offender registration.[3] At a hearing before a magistrate judge on January 17, 2019, the motion was granted, and Keith Willeford was appointed as new counsel.

However, before the *pro se* motion to replace Hyde was granted, Jones filed a second *pro se* motion to withdraw his guilty plea. This handwritten motion was self-dated January 15, 2019, while Jones was still represented by

---

§ 1952(a). By contrast, sex trafficking of children has a statutory maximum of life imprisonment. *See* 18 U.S.C. § 1591(b)(2).

[3] Specifically, Jones claimed that Hyde had given him "false and misleading information" regarding (1) access to discovery; (2) "the facts as to the charge of conduct versus the Government's narrative," potentially referencing the Factual Resume supporting his plea; and (3) the "scope of legal options available . . . related to both a trial or a plea." Concluding his motion, Jones again claimed "deliberate deceiving of himself by counsel Hyde regarding his legal options and the facts."

Hyde, but was docketed by the district court on January 25, 2019, at which point he was represented by Willeford. In this second motion, Jones claimed his guilty plea was not knowing and voluntary for two reasons. First, he claimed lack of adequate knowledge of the "legal facts" at the time of his plea. He alleged that he was "informed by counsel [Hyde] that such a designation [i.e., sex offender designation pursuant to SORNA] would not be issued should he plead guilty," but said that post-plea he now believed that his guilty plea did in fact subject him to sex offender registration. Second, he claimed that "counsel informed [him] of a specific pre-determined sentence" of ten years if he pleaded guilty, whereas he now understood that the court had discretion to sentence him pursuant to the Sentencing Guidelines. Jones also claimed that the Factual Resume supporting his plea contained "multiple false narratives" and that he wanted to withdraw his guilty plea because these had not been "corrected." The Government filed a response opposing the motion on March 8, 2019. On March 24, 2019, Jones's third counsel, Willeford, filed an unopposed motion for a hearing on Jones's *pro se* motion to withdraw his plea.

On April 4, 2019, the district court entered a written order striking Jones's *pro se* motion to withdraw his plea and denying as moot his request for a hearing. Explaining its decision, the district court emphasized that Jones had been explicitly informed by the magistrate judge at the January 17 hearing on his motion to replace counsel that all future motions needed to be filed through appointed counsel and that *pro se* motions would be stricken. The district court noted that, although Jones's *pro se* motion to withdraw his guilty plea pre-dated the January 17 hearing, Jones was nonetheless represented by counsel at the time the motion was filed. Observing that Jones had continued to send *ex parte* letters to the court through March 2019, the court stated that it would not consider *ex parte* communications or *pro se* motions and that "if Defendant would like the court to consider matters previously submitted in his *ex parte* communications or any other matters, *these matters must be presented to and incorporated into a motion that is prepared*

*and filed by his appointed counsel, and any pro se filings by him will be stricken without further notice*" (italics in original).   No subsequent motion to withdraw Jones's guilty plea was filed by Willeford prior to sentencing.

At sentencing on May 13, 2019, Jones was given an opportunity to personally address the court.  After he told the court that "information" in the PSR and "some of the evidence" is "not right," the district judge asked him "[h]ave not you already pleaded guilty?  Your factual resume sets out what you admitted.  Are you telling me that is not true?"  Jones responded that the "only reason I agreed to it [sic] because I would get a certain time if I took the plea, which you struck my motion on that attachment [sic]."  The court responded, "[y]es, I did.  You filed a Motion to Withdraw your plea.  You had an attorney, and after I struck that motion, there was no substantive motion filed to withdraw your plea, so yes, I did."  Jones then protested that he did not threaten a witness, apparently referring to an obstruction of justice enhancement in his PSR.  Jones did not raise the issue of SORNA registration.

The court sentenced Jones to a below-guideline sentence[4] of 204 months on Count 1 and 60 months on Count 2, to run concurrently.  At no point in the sentencing hearing did Jones, the Government, the Probation Office, or the district court mention sex offender registration or SORNA, nor was reference to SORNA registration included in the judgment of conviction and sentence.

Jones filed a timely appeal and also sent numerous *pro se* motions, letters, and materials to this court, including a motion to file a "supplemental appeal brief" that included as an attachment copies of email messages between him and his numerous lawyers that are not part of the record on appeal.  This motion was denied.  The merits brief filed by Jones's appellate

---

[4] Jones's applicable guidelines range was 360 months to life, which was reduced to 300 months by operation of a statutory maximum.

counsel refers to the emails attached to Jones's denied *pro se* "supplemental appeal brief" motion as the "Jones Doc." and cites to it throughout. However, the "Jones Doc." is not part of the record on appeal and is therefore not properly before us. *See United States v. Flores*, 887 F.2d 543, 546 (5th Cir. 1989) ("We will not ordinarily enlarge the record on appeal to include material not before the district court."); *accord In re GHR Energy Corp. v. Crispin. Co. Ltd.*, 791 F.2d 1200, 1201–02 (5th Cir. 1986) ("[T]his court is barred from considering filings outside the record on appeal, and attachments to briefs do not suffice.").

## II.  Standard of Review

Jones raises three issue on appeal.  First, he argues the district court erred in striking his *pro se* motion to withdraw his guilty plea without evaluating the merits of his claim.  A district court's decision to strike a motion is reviewed for abuse of discretion. *See Macklin v. City of New Orleans*, 293 F.3d 237, 240 (5th Cir. 2002) ("We review the district court's administrative handling of a case . . . for abuse of discretion."); *see also Epperson v. Barnhart*, 84 F. App'x 463, 464 (5th Cir. 2004) ("The district court's decision to strike a pleading from the record is reviewed for abuse of discretion.").

Second, Jones argues that the district court erred in denying as moot his motion for a hearing.  A district court's decision to deny a request for an evidentiary hearing is reviewed for abuse of discretion. *United States v. Washington*, 480 F.3d 309, 316 (5th Cir. 2007) (citing *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003)).

Third, Jones argues that his guilty plea was not knowing and voluntary.  As explained below, because Jones's claim was not preserved, we apply plain error review, which has four components.  If (1) there is an "error," (2) that is "clear or obvious," and (3) that error "affected the appellant's substantial rights," then (4) we have discretion to remedy the

error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009).

## III. Discussion

### A. Striking of pro se motion to withdraw plea

When a defendant is represented by counsel, he or she does not have the right to file *pro se* motions. "[T]here is no constitutional right to hybrid representation." *Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996); *see also United States v. Ogbonna*, 184 F.3d 447, 449 n.1 (5th Cir. 1999). Accordingly, when a defendant is represented by counsel, a district court may strike *pro se* motions. *See, e.g.*, *United States v. Lopez*, 313 F. App'x 730, 731 (5th Cir. 2009) (unpublished) ("[A]s Lopez acknowledges, he was represented by counsel at the time he filed the motion . . . As such, Lopez's pro se motion to dismiss was an unauthorized motion and the district court properly disregarded it." (internal citation omitted)); *United States v. Alvarado*, 321 F. App'x 399, 400 (5th Cir. 2009) (unpublished) ("Alvarado argues for the first time on appeal that the district court abused its discretion by striking his pro se motion . . . Because Alvarado was represented by counsel in the district court, he was not entitled to file a pro se motion on his own behalf."); *United States v. House*, 144 F. App'x 416, 417 (5th Cir. 2005) (unpublished) ("House was represented by counsel in the district court. Therefore, she could not file a pro se motion, and the district court properly struck her pro se motion without addressing the . . . claim.").

Jones was represented at all times by counsel. This is sufficient for us to find no abuse of discretion on the part of the district court in striking Jones's *pro se* filings.[5] On appeal, Jones argues specifically that it was an

---

[5] We also note that Jones was apparently verbally warned by the magistrate judge at the January 17 hearing that all motions needed to be filed through counsel and warned again in writing in the district court's April 4 order striking his *pro se* motion to withdraw his plea. Yet, despite both verbal and written warnings, a motion to withdraw his guilty plea was not filed through counsel at any time.

abuse of discretion for the district court to strike his motion without first evaluating the merits of his claim under Rule 11 and our multi-factor test enumerated in *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984), for evaluating motions to withdraw guilty pleas. This argument conflates the standard for evaluating the denial of a motion to withdraw a guilty plea on the merits, *see id.*, with the striking of a motion because it was improperly filed *pro se* while a defendant was represented by counsel. Here, the district court did not abuse its discretion in striking the *pro se* motion because Jones was represented by counsel at the time.

### B. Denial of hearing

Jones next argues that he raised "sufficient facts justifying relief" to warrant an evidentiary hearing in his *pro se* motion to withdraw his plea. "Although defendants are not entitled to an evidentiary hearing, a hearing is required 'when the defendant alleges sufficient facts which, if proven, would justify relief.'" *Powell*, 354 F.3d at 370 (5th Cir. 2003) (quoting *United States v. Mergist*, 738 F.2d 645, 648 (5th Cir. 1984)). However, as discussed above, Jones's *pro se* motion was properly struck by the district court because it was not filed through counsel. In *United States v. Sanders*, we held that when a defendant's *pro se* motions challenging the validity of his plea were properly struck by the district court because the defendant was represented by counsel, and the defendant's counsel had not filed such a motion, "there was no properly filed motion preserving the issue of the validity of the plea." 843 F.3d 1050, 1053–54 (5th Cir. 2016). By implication, when the district court strikes a *pro se* motion filed by a defendant who is represented by counsel and counsel has not moved for the relief requested in the *pro se* motion, then there is no issue presented upon which to hold an evidentiary hearing and any

request for a hearing is moot.  Therefore, Jones was not entitled to a hearing, and the district court did not err in denying his request as moot.

### C.  Validity of guilty plea

The third issue is whether Jones's guilty plea was made knowingly and voluntarily.  For a guilty plea to be knowing and voluntary, a defendant must have "full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 244 (1969).  "Before deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel."  *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010).  "A situation in which a defendant is induced by deception, an unfulfillable promise, or misrepresentation to enter a plea of guilty does not meet the standard for voluntariness[.]"  *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).  If a guilty plea "was induced by promises, the essence of those promises must in some way be made known."  *Santobello v. New York*, 404 U.S. 257, 261–62 (1971).

Jones argues that his plea was not knowing and voluntary for two reasons:  (1) he was misled both by his counsel and by the Government regarding the collateral consequence of mandatory sex offender registration resulting from his guilty plea; and (2) the district court did not warn him about the collateral consequence of sex offender registration.  We review for plain error because Jones did not preserve the issue, as his *pro se* motion to withdraw his plea was properly struck and he did not thereafter raise the issue.  *See Sanders*, 843 F.3d at 1053–54.

Jones relies heavily on the "Jones Doc." to support his first argument. However, the materials contained in the "Jones Doc." are not part of the record on appeal, and thus are not properly before us.  Considering only the record before us, Jones has not shown that his guilty plea was invalid.  Jones's claims on appeal are contradicted by both the contents of the plea agreement and by his sworn statements when he pleaded guilty at re-arraignment.  The plea agreement does not mention sex offender registration, and at re-

arraignment Jones answered "yes" when asked if he had read the plea agreement and whether it included in writing everything to which he and the Government agreed.  At the hearing, Jones also testified that, other than the contents of the plea agreement, no one had made any promise or assurance to induce his plea and that he had signed the plea agreement voluntarily. Such sworn statements made in open court carry a "strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  On this record, at least, Jones has not overcome that strong presumption.

Jones's second argument—that his plea was invalid because the district court did not inform him of sex offender registration consequences— also fails.  In arguing for a district court's "duty to warn," Jones seeks an extension of current law.  He concedes that, currently, under the law, a district court is not required to inform a defendant of the sex offender registration consequences collateral to a guilty plea.  Because Jones concedes that there is no such requirement, he cannot show plain error.  *See United States v. Cuff*, 538 F. App'x 411, 413 (5th Cir. 2013) ("Cuff complains next that the district court failed to admonish him that he would be required to register as a sex offender . . . However, the law on that question is unsettled in this circuit, so the district court's omission cannot be plain error.") (internal citations omitted); *see id*. at 413 n.1 (collecting cases regarding collateral consequences).

### D.  Additional matters

Finally, at the end of his reply brief, Jones requests that we (1) supplement the record on appeal to incorporate the "Jones Doc." or, in the alternative, return the case to the district court to determine whether the exhibits were previously submitted to the district court; (2)  stay his appeal and return this case to the district court to consider the "Jones Doc." in the first instance and to supplement the record; or (3)  stay his appeal, hold the case in abeyance, and allow him to file a Federal Rule of Civil Procedure 60 motion in the district court to present the "Jones Doc."  These requests are

denied.  "It is clearly settled that the appellant cannot raise new issues in a reply brief[.]" CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 16A FEDERAL PRACTICE & PROCEDURE § 3974.3 (4th ed. 2020).

## IV.  Conclusion

For the foregoing reasons, we AFFIRM Jones's conviction, without prejudice to him seeking collateral review.  We express no opinion on whether Jones will be required at some point in the future to register as a sex offender under SORNA or any other state or federal law, nor do we express an opinion on the merits of any claim that Jones might raise, if it all, in a 28 U.S.C. § 2255 motion.